[No. C003002. Third Dist. Feb. 28, 1989.]

COUNTY OF COLUSA, Plaintiff and Appellant, v.
H. RAYMOND CHARTER et al., Defendants and Appellants.

258

**COUNSEL**

Downey, Brand, Seymour & Rohwer, Thomas N. Cooper and Dan L. Carroll for Plaintiff and Appellant.

McDonough, Holland & Allen, Mark A. Wasser, William L. Owen, Clark & Nelson and David R. Nelson for Defendants and Appellants.

**OPINION**

**CARR, J.**—In the County of Colusa, there is a little, narrow road known as Hahn Road, which runs three miles from Cortina School Road to Highway

Interstate 5. It is not of yellow brick but in the words of Colusa County's director of public works, is "an old, worn-out 15-or-16 foot wide asphalt surface with dirt shoulders. . . ." This is the story of how the little, narrow road tried to grow and become a big, wide road.

Hahn Road was established in 1874 when the mode of transportation was literally horse power. The used part of the roadway remained essentially the same width and contour for 112 years. In 1986, however, the County of Colusa (County) wanted to make Hahn Road into a big, wide road and especially wanted to do so with state funding. To qualify for such funding, County must certify "it possesses adequate width of right-of-way to construct the new facility." The right-of-way required for the project is 80 feet. County then filed suit seeking a declaration it owned an 80-foot right-of-way along the 3 miles of Hahn Road. Defendants, some of whom are descendants of the original owners when Hahn Road came into being, are the contiguous landowners along Hahn Road. They asserted the County's right-of-way is only the 20 to 25 feet actually used as a roadway.

After a court trial, during which the trial judge viewed the road, judgment was rendered for County for a 50-foot right-of-way.

Each party has appealed. In the primary appeal defendant owners assert a user right-of-way of 20 to 25 feet and County maintains the judgment for the 50-foot right-of-way should be affirmed. In the cross-appeal, County contends its right-of-way is 80 feet. The appeals have been consolidated.

The initial problem confronting this court in this appeal is that the trial was conducted and the cause determined upon what now appears to be an erroneous theory of law: that the Colusa County Road Act of 1872 (the Road Act) was repealed by the Political Code of 1872 (the Code). We ordered supplemental briefing on this and related issues. The parties now appear to agree the Road Act was not repealed by the Political Code but their respective positions remain unchanged. Defendant owners assert the judgment must be reversed irrespective of whether the Road Act was or was not repealed in 1872 by the Political Code. If it was so repealed, the failure to comply with the recording and other specifics of the Political Code invalidates the 1874 proceedings to establish Hahn Road. If the Road Act was not repealed, Hahn Road was established in conformity with that act which prescribes no road width and the present day right-of-way is limited to what has been used by the traveling public since 1874. County concedes the Road Act was not repealed in 1872 but contends it prevails under one of two theories. It has a present day right-of-way of 80 feet pursuant to a County ordinance setting such distance for all county roads, which was passed in 1856 as reflected in the minutes of the County board of supervi-

sors (Board). Failing that, since the Road Act provides no road width, it has a 50-foot right-of-way pursuant to section 2710 of the 1872 Political Code.

We conclude the Road Act was not repealed in 1872 by the Political Code, that it was the controlling statute under which Hahn Road was authorized and established and that County's right-of-way is limited to the historical usage of Hahn Road. We shall therefore reverse the judgment and remand the cause to the trial court for the taking of evidence as to the width of such usage of Hahn Road.

## FACTUAL AND PROCEDURAL BACKGROUND

In the minutes of the February 1856 meeting of the Board appears the following: "County Roads. [¶] Upon motion of J. C. Crigler [i]t is ordered that all county Roads be made Eighty (80) feet in Width, unless Specially ordered otherwise."[1]

On April 1, 1872, "An Act to provide for the location, construction, and maintenance of public roads in the county of Colusa" became effective. (Stats. 1872, ch. 567, § 46, p. 833.) Also on April 1, 1872, a petition to establish a road and the viewers' report were filed with the Board and a road record created. This road was sought by residents of Spring Valley Township, and was to follow the line of what we shall call Hahn Road. On November 13, 1872, the petition was declared defective.[2]

On January 1, 1873, the Political Code became effective.

On October 7, 1873, a new petition for Hahn Road, specifically relying on the authority of the Road Act, was filed.[3]

A hearing was set and on April 7, 1874, the viewers' report was accepted and damages for the road were assessed and awarded. The description of

---

[1] This document and most of the other exhibits on appeal are handwritten and legible only with great difficulty to those accustomed to reading modern typeface. The parties were unable to decipher the name of the moving supervisor. The supervisors in 1856 were H. C. Nelson., J. C. Crigler, and Freeman Mills. (Green, The History of Colusa County, California (1950 reprint and supp. of 1880 ed.) p. 193.) Only J. C. Crigler's name is consistent with the document.

[2] The reason for this is not certain, but it may have been because an insufficient number of petitioners identified themselves as property holders in accordance with section 14 of the Road Act.

[3] Defendants offered exhibit L, a viewers' report and attached map, relating to Spring Valley Road. By comparing the official County map of 1874 with the description contained in all of the documents, it is obvious this is not the same as Hahn Road, but is what is now known as Hillgate Road. Only Frederick Strain, the great-grandson of an original settler, was aware of this at the trial.

the road was amended on April 9, 1874. But there was one thing missing. In all the documents for the creation of the little road, not one word was said or written about its width.

When the new, wide Hahn Road was proposed and County was apprised of the necessity of an 80-foot right-of-way to secure state funding, County filed the instant suit to establish such right-of-way. The theory was the 1856 minute order of the Board was an ordinance which established a presumptive width of 80 feet for all roads established in County. Defendants contended enforcing the then 18-year-old minute order against the landowners in 1874 would have been a violation of due process; that the only presumption to be drawn from the silence of the documents about the width was that County purchased only what it then needed, about 20 feet or so and this was what County paid for in 1874. Defendants also asserted the Code repealed the Road Act and as the formalities used in the creation of Hahn Road under the Road Act failed to meet the recording requirements of the Code, the formation of the road was defective. County was therefore entitled to prescriptive rights only over the area historically used as a road. After trial and before the court's ruling, County urged if the Code did repeal the Road Act, the width of the road should be 50 feet, pursuant to the minimum width provision of section 2710 of the Code, which provides: "All highways must be at least fifty feet wide except those now existing of a less width."

The trial court's statement of decision found there was no evidence any landowner received notice of a width for Hahn Road. There was no evidence presented that the road was ever used by the public either more or less than such use today and today the area of public use is about 20 to 25 feet.

The court believed the Road Act had been repealed by the Code but held that County substantially complied with the formalities of the Code and this was sufficient. County was held to be entitled to the 50-foot presumptive width established by section 2710 of the Code.

In our requested supplemental briefing, we directed the parties to section 2757 of the Code, which indicated the Road Act had not been repealed by the Code. Essentially, the parties agree in supplemental briefing that the Road Act was not repealed by the Code. While this undermines one of the premises of the trial court, the issues presented are legal issues which can be determined in this appeal without a full new trial.

DISCUSSION

I

We begin in 1856.

■ County's primary position has not changed. Its contention is that the 1856 minute order, called an ordinance by County, provided notice to all inhabitants of County that all future roads would be 80 feet wide unless otherwise stated. County analogizes to *Graham* v. *Bailard* (1909) 157 Cal. 96 [160 P. 215], in which the court held an order of a board of supervisors setting forth the line of a road but not its width "is permissive in highway proceedings where a minimum width is prescribed by statute. Where a road is so described, it will be deemed to be a road of the minimum width prescribed by statute in the absence of anything showing to the contrary." (*Id.,* at p. 100.) County equates its "ordinance" with a statute and contends it provided constitutionally sufficient notice to the landowners.

County presents its argument as one of law, misperceiving the difference between a statute and an ordinance. ■ Whether an ordinance exists is a factual matter and an ordinance must be pleaded and proven by the party seeking to rely on its provisions. (*Columbia Specialty Co.* v. *Breman* (1949) 90 Cal.App.2d 372, 377 [202 P.2d 1034].) "There is no presumption of the existence of an ordinance, at least in the absence of any proof. Hence, one who claims that any particular ordinance is in force bearing on an issue on trial has the burden of proving it, . . ." (5 McQuillin, The Law of Municipal Corporations (3d ed. 1981) § 22.32, p. 465, fns. omitted.)

■ County attempted to prove its "ordinance" by introducing the minute order recited, *infra*. The trial court considered the effect of the minute order in the "Legal Basis of Decision" section of its statement of decision: "The 1856 minute order is not determinative of the extent of the County's right of way. The minute order is an expression of policy and is not self-executing."[4] Substantial evidence supports the trial court's finding, which we interpret as a finding the minute order was not an ordinance at all, but merely some internal resolution of the Board.

At trial the parties stipulated to the admission of defendants' exhibit, a typed list of the names and widths of the 32 roads created in County

---

[4]The trial court further held: "In laying out the road, the [Board] exercised judicial functions. Consequently, the [Board's] actions were subject to the requirements of due process and persons affected thereby were entitled to notice. Because the minute order was not incorporated into the record of the proceedings and adjoining landowners did not have notice of its provisions, it may not be relied upon to establish the width of the County's right of way."

between 1870 and 1880. One road is 66 feet wide and one is both 66 and 40 feet wide. Fifteen are 60 feet wide. Fifteen (including Hahn Road) have no width stated. Two possible inferences can be drawn from this evidence. No width was stated because County believed its minute order supplied a width of 80 feet or no width was stated because no certain width was established. Viewing the evidence in the light most favorable to the judgment, we presume the trial court found the latter interpretation to be correct. The trial court also found County and defendants both considered the land alongside the paved portion of the road to be that of defendants. Evidence of the treatment by the parties of the subject of an agreement, in this case Hahn Road, can be used to explain the meaning of the agreement. The trial court could conclude from the fact that County at the time in question made no roads 80 feet wide and did not at any time until the present assert any rights to an 80-foot width over Hahn Road, that the minute order did not operate as a binding ordinance and therefore County had failed to meet its burden of proving the existence of the ordinance, on which its case depended.

Substantial evidence supports the trial court's finding County failed to prove the existence of any "ordinance" controlling the width of Hahn Road and the trial court correctly rejected County's primary claim.

## II

We must next determine whether the Road Act in fact survived the enactment of the Code. If it did not, the proceedings which led to the creation of Hahn Road did not strictly comply with the then applicable law, for the requirements for establishing a road under the Code differ from the requirements under the Road Act. The trial court and the parties believed the Code had repealed the Road Act.[5] The trial court held County substantially complied with the requirements of the Code, despite the fact County believed it was operating under the Road Act at the time Hahn Road was established in 1874.[6]

---

[5] Section 18 of the Code repealed all acts not listed in section 19 of the Code. No local road acts are listed in section 19.

[6] Though there were several differences in the formalities (e.g., bond requirements, the number of signatures required on the petition), the main difference is section 2699 of the Code, which required the petition to "set forth and describe particularly the road . . . ." *Potter* v. *Ames* (1872) 43 Cal. 75 construed the word " '[p]articularity' " in a similar road act to mean "exacted." "The reason is, that on the return day of the notice the party whose lands are to be taken must, upon pain of losing his claim, be prepared to present, and must then actually present, a petition to the Board describing the [damages]. He is held to particularity in time, subject matter, and circumstances. Of course, if the notice given be itself radically insufficient—if it be merely general, and practically indefinite as to the land to be taken, the owner cannot comply with the requirement of the statute—and being unable to comply, his property is taken without just compensation, which is just the thing the Constitution forbids to be done." (Pp. 79-80.) A description which omitted the width of the road would be neither

Section 2757 of the Code provides: "Nothing in this Chapter affects the provisions of any statute in relation to roads and highways now in force and made applicable to one or more counties by name; but whenever any such statute is repealed then the provisions of this Chapter are applicable to the county named in the statute repealed." The full name of the Road Act was "An act to provide for the location, construction, and maintenance of public roads in the county of Colusa." (Stats. 1872, ch. 567, p. 826.) Since it was made applicable to County by name, it was explicitly continued in force.[7]

County concedes the Road Act was continued in force by the Code, but defendants express doubt by a qualification that: "[T]his conclusion is not certain because it is so difficult to reconstruct the legislative chronology and history of the various statutes." Defendants observe that General Statutes of the State of California Continued in Force (1873) (*General Statutes*), authorized by section 4494 of the Code and published by the code commissioners, does not list the Road Act as one of the statutes continued in force after the enactment of the Code.[8] On page 894, section 1563 of *General Statutes* lists the "Roads and Highways" acts not affected by the Code, and for County only two acts are listed (Stats. 1863, ch. 235, p. 309; Stats. 1868, ch. 383, p. 469); the 1872 Road Act is not listed.

The *General Statutes* is a directory volume only, designed as an aid to legal research. It did not have the power to save or repeal any laws. The omission of the Road Act from this list occurred inferentially because "The statutory road laws of the State of California consist almost entirely of special and local acts. They are so numerous and generally of such length, that they would of themselves make a large volume." (*General Statutes, supra,* at p. 892.)

Further, an early private printing of the statutes (Hittell, The Codes And Statutes Of The State of California (A. L. Bancroft and Co. 1876) lists the Road Act in its list of road statutes which survived the adoption of the Code. (P. 1565.) Defendants' confusion on this point was shared by that publisher: "There may be difficulty in determining what laws are in force in some of the counties; all that can here be done is to give references to the various statutes and leave the question of their force and effect to the

---

particular nor exact. Section 2712 of the Code also required that the consent to right-of-way instrument "be filed and recorded in the office of the Recorder of the county, in which the land so conveyed or condemned must be particularly described."

[7] County also argues section 4479 (in its later incarnation at Civ. Code, § 23.1 (Stats. 1951, ch. 655, § 2, p. 1833)) preserved those portions of the Road Act not in conflict with the Code. We address that statute in part III of this opinion.

[8] Section 4494 provided: "The Codes passed at this session of the Legislature must not be published as part of the statutes passed at this session, but provisions must be made by law for their publication."

judgment of the inquirer[.]" (*Ibid.*) As statutes passed in 1872 prevailed over the Code, the code commissioners doubtless saw no need to list the Road Act in the list of *General Statutes*.

Finally, defendants state the *General Statutes* is probably incorrect because of "a mistake caused by the difficulty of cataloging all the various special acts."

Despite this statutory maze, we conclude the Road Act was unaffected by the enactment of the Code.

### III

■ County's fall back position, if the 80-foot right-of-way is deemed inapplicable, continues: the minimum width provision of section 2710 of the Code provides County with a 50-foot right-of-way.

The present contention is that the saving clause of section 2757 of the Code ("Nothing in this Chapter affects the provisions of [any local road statute]") continued the Road Act in force, but did not render the provisions of the Code inapplicable to road formation proceedings, and that each county which had a local road law would retain that law, supplemented by any provisions of the Code relating to matters not explicitly covered by the local law. As the Road Act contained no minimum road width provision, the minimum width provision of the Code was applicable. County is mistaken.

In a note to section 2757 the code commissioners wrote in part: "This saving clause for existing road laws was inserted for obvious reasons; see notes to Secs. 2621, 2650, 2698, ante." (1 Ann. Pol. Code (1872, Haymond & Burch) p. 518.)

Section 2621 of the Code (on the recording duties of the clerk of the Board) contains a note stating in part: "This entire Chapter is for the most part new, but is a complete, comprehensive, an [*sic*] elastic road law, intended to be so flexible that it may be, by local authority—that is, under the Boards of Supervisors and Road Overseers—made applicable to all counties, however differing in the pursuits of their citizens or the topography of the country. The advantages to be derived from a general road law, applicable alike to the entire State, are so apparent as to require no argument in their support. If it should wisely be determined to finally stop special legislation on this subject, and to adopt a general road law, the framework is here presented for so desirable an end." (Haymond and Burch, *supra,* at p. 494.)

The note to section 2618 of the Code (the first section of chapter II) states in part: "This Chapter is applicable only to those counties of the State which have no local *'road law.'* *Whenever a local 'road law' is repealed and no other enacted to take its place, this Chapter steps in and becomes the road law of that county.* Experience may prove that a general road law, operating alike in all the counties, will avoid much litigation and prove of great value to the public." (Haymond and Burch, *supra,* at p. 493, italics added.)

As these code commission notes demonstrate, the purpose of the highways chapter in the Code was to rationalize road-creating activities within the state. The Code set up a system of two classes of counties—those which would be subject to the general road law of the Code and those which would retain their local road laws. This latter class was expected to disappear over time and the Code to provide the applicable road law for all counties. Until that occurred, however, two distinct statutory lines existed for establishment of roads, the local law when not repealed and the Code for counties whose local laws had been repealed.

County further urges that Civil Code section 23.1[9] supports its position. This section was originally set out in section 4479 of the Code, which provided: "If the provisions of any law passed at the present session of the Legislature contravene or are inconsistent with the provisions of either of the four Codes, the provisions of such law must prevail." It is County's position that only those provisions of the Road Act contradicting the minimum width provision of the Code prevail, and since there is no provision in the Road Act contradicting the minimum width provision of the Code, the Code prevails. As the Code was not applicable to matters involving road creation in County at the time in question, this argument is unavailing.

We find no basis for construing the 50-foot road width of section 2710 of the Code to be applicable to roads established pursuant to the Road Act.

IV

▮ If the right-of-way is not 80 feet by reason of the asserted 1856 "ordinance" and is not 50 feet pursuant to section 2710 of the Code, what then is the width of little Hahn Road? Defendant owners now concede that if the Road Act was not repealed by the Code, Hahn Road was validly authorized and established pursuant to that act and County has an existing

---

[9] Civil Code section 23.1 provides: "The provisions of any law passed at the 1872 Session of the Legislature which contravene or are inconsistent with the provisions of any of the four codes passed at the 1872 Session prevail." (Stats. 1951, ch. 655, § 2, p. 1833.)

right-of-way but one limited to public user and dedication.[10] This concession is the proper determination of this case. The factual findings made by the trial court, which are founded on substantial evidence, support this conclusion. In its statement of decision, the trial court found: "The right-of-way actually devoted to public use is approximately 20 feet to 25 feet wide. There are no fences alongside the road, except for the fence that the Strains have constructed around their ranch house and horse corral. There is no evidence that the extent of public user has ever been substantially more or less than at present.

"The defendants, particularly the Strains, have constructed numerous improvements adjacent and contiguous to the paved portion of the road and have treated the land alongside the traveled portion of the road as their own.

"The County has in many respects also treated the land alongside the traveled portion of the road as though it belong[s] to defendants. For example, there is no evidence that any of the defendants ever asked for or received encroachment permits or permission of any other nature from the County with regard to the improvements that have been constructed adjacent and contiguous to the road."

The improvements referred to by the trial court include an airplane hangar, airstrip, orchard trees, ornamental trees, power poles, water lines, gas lines, wells, several fences, driveways and drainage pipes. All improvements are within 40 feet of the centerline of Hahn Road, and some are within 3 feet of the pavement edge.

The only reasonable inference deducible from this evidence is that Hahn Road was originally laid out to its present day width and has been used by the public at that width for more than a century as we progressed from horseback and horse carriages and wagons to horseless carriages and airplanes.

---

[10] Owners originally contended (when all thought the Road Act had been repealed in 1872) that the procedures employed to create Hahn Road were void for failure to comply with the Code and any rights acquired by County in the road were prescriptive only. No issue of prescription remains as County's rights were created when the centerline of the road was established and the road laid out.

However, the evidence does not disclose what that exact width is and, as the taking of evidence is the province of the trial court, we must remand for a further evidentiary hearing on the factual determination of that width.

## DISPOSITION

The judgment is reversed and the case is remanded for a new limited trial as indicated in part IV of this opinion. Defendants shall recover costs.

Puglia, P. J., and Sims, J., concurred.