[No. C019291. Third Dist. Apr. 26, 1995.]

CHARLES THOMAS GAUTHIER, Plaintiff and Appellant, v.
CITY OF RED BLUFF et al., Defendants and Respondents.

**COUNSEL**

Neyhart, Anderson, Reilly & Freitas, Jennifer L. Brill and William J. Flynn for Plaintiff and Appellant.

Whitmore, Johnson & Bolanos, Kathryn J. Burke, Helene L. Leichter and Richard S. Whitmore for Defendants and Respondents.

## Opinion

**MORRISON, J.**—Red Bluff's fire chief is not a peace officer.

In this case we construe provisions of the Public Safety Officers Procedural Bill of Rights Act (the Act) (Gov. Code, § 3300 et seq.; further unspecified section references are to the Government Code). At issue is the interplay between provisions of the Act which define those persons entitled to its protections and provisions of the Penal Code which define who are peace officers. We conclude plaintiff Gauthier is not covered by the Act and therefore the trial court properly declined his petition for a writ of mandamus to compel his employer to grant him an administrative appeal of his dismissal.

### Factual and Procedural Background

Gauthier's petition, filed on November 4, 1993, sought a writ of mandate to compel the City of Red Bluff and its manager to give him an administrative appeal of his termination. He alleged that he was employed by Red Bluff as fire chief since 1968. He learned that Red Bluff was considering terminating him and "responded in writing to the proposed termination[.]" Red Bluff notified him that he was not protected by the Act and fired him, effective July 6, 1993. He made a formal request for an administrative appeal, which was denied.

In Gauthier's memorandum of points and authorities he argues *all fire chiefs* are peace officers under Penal Code section 830.37. He made other arguments no longer at issue. Red Bluff consistently maintained that Gauthier was not a peace officer. Red Bluff also claimed it had provided a form of administrative appeal and therefore Gauthier was not entitled to a writ of mandate.

The trial court concluded Gauthier had not been given an administrative appeal. He was not a "peace officer" under Penal Code section 830.37, because his primary duty was not arson investigation or law enforcement, but being the fire chief, i.e., managing the fire department. A judgment denying the petition was entered and Gauthier timely filed his notice of appeal.

### Discussion[1]

The Act provides that "the term public safety officer means all peace officers, as defined in" various sections of the Penal Code, including section

[1]Gauthier dumped a massive package of legislative material on the trial court without making an effort to analyze it. Gauthier states he obtained it from a San Mateo County lawsuit. He submitted the unpublished superior court decision in that suit. Unfortunately for

830.37. (§ 3301.) The Act gives a variety of protections to public safety officers, including an administrative appeal: "No punitive action . . . shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal." (§ 3304, subd. (b).)

Part 2 of the Penal Code governs criminal procedure. Title 3, chapter 4.5, of part 2 (Pen. Code, § 830 et seq.) is entitled "Peace Officers." **(1)** Its purpose is to "define peace officers, the extent of their jurisdiction, and the nature and scope of their authority, powers and duties," not to change the status of peace officers for employment benefits. (Stats. 1968, ch. 1222, § 79, p. 2331. See *County of Santa Clara* v. *Deputy Sheriffs' Assn.* (1992) 3 Cal.4th 873, 879 [13 Cal.Rptr.2d 53, 838 P.2d 781].) Penal Code section 830.37 is one of several statutes which define categories of persons who are "peace officers" in various circumstances.[2]

Penal Code section 830.37 provides:

"The following persons are peace officers whose authority extends to any place in the state for the purpose of performing their primary duty or when making an arrest pursuant to Section 836 as to any public offense with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of that offense, or pursuant to Section 8597 or 8598 of the Government Code. These peace officers may carry firearms only if authorized and under terms and conditions specified by their employing agency:

"(a) Members of an arson-investigating unit . . . if the primary duty of these peace officers is the detection and apprehension of persons who have violated any fire law or committed insurance fraud.

"(b) Members other than members of an arson-investigating unit, regularly paid and employed in that capacity, of a fire department or fire protection agency of a [city], if the primary duty of these peace officers, when acting in that capacity, is the enforcement of laws relating to fire prevention or fire suppression.

---

him, that decision was appealed, resulting in the published decision by the Court of Appeal, First District, which we discuss, *post.*

[2]E.g., Penal Code sections 830.1 (sheriff, police, marshal, port warden), 830.2 (game wardens, officers of State Fair), 830.3 (officers of Horse Racing Board, Museum of Science and Industry), 830.31 (more), 830.32 (more), 830.33 (more), 830.34 (more), 830.35 (more), 830.36 (sergeant at arms, bailiffs of the Supreme Court and Courts of Appeal), 830.38 (more) 830.39 (out-of-state peace officers), 830.4 (messengers of the Treasurer, officers of Hastings College of the Law), 830.5 (more), 830.55 (more), 830.6 (more), 830.65 (Campaign Againt Marijuana Planting agents).

"(c) Voluntary fire wardens . . . provided that the primary duty of these peace officers shall be the enforcement of the law as that duty is set forth in Section 4156 of the Public Resources Code.

"(d) Firefighter/security guards by the Military Department, if the primary duty of the peace officer is the enforcement of the law in or about properties owned, operated, or administered by the employing agency . . . ."

Only Penal Code section 830.37, subdivision (b) is at issue here, but by considering that subdivision in conjunction with the entire section, and the section in conjunction with the chapter, it is clear that only very specific persons are deemed to be "peace officers." Moreover, many statutes defining "peace officers" provide limited powers or provide that a person is a peace officer in limited circumstances. (See *County of Santa Clara* v. *Deputy Sheriffs' Assn., supra,* 3 Cal.4th at pp. 879-880.) In this case, the statute's introductory paragraph states, "The following persons are peace officers whose authority extends to any place in the state *for the purpose of performing their primary duty or when making an arrest,*" and the rest of the statute must be considered in that light. (Italics added.)

To repeat, Penal Code section 830.37, subdivision (b) states: "Members other than members of an arson-investigating unit, regularly paid and employed in that capacity, of a fire department or fire protection agency of a [city], if the primary duty of these peace officers, when acting in that capacity, is the enforcement of laws relating to fire prevention or fire suppression."

There are many problems with this statute. First and foremost is that it purports to define a peace officer but uses the term peace officer in the definition. Second, apart from the clauses which declare that it applies to members of a fire department other than an arson unit, the various clauses can be construed to relate to different antecedents.

But whatever the difficulties in the statute, one limitation clearly emerges: members are covered by the statute (and, hence, are peace officers) if and only if "the primary duty of these peace officers, . . . is the enforcement of laws relating to fire prevention or fire suppression." Although poorly worded, the statute covers those firefighters who act as *peace officers* by enforcing fire laws as their primary duty. This interpretation gives effect to each part of the statute. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

Gauthier reads this statute to mean it covers firefighters "when the 'primary duty of these peace officers, *when acting in that capacity,* is the

enforcement of laws relating to fire prevention or fire suppression.' " (Italics in original.) Because a fire chief sometimes enforces laws relating to fire prevention or fire suppression, *when acting in that capacity the fire chief is a peace officer because at that moment his primary duty is the enforcement of laws.* For example, "A fire chief does have the power to arrest and, 'when acting in that capacity,' is a peace officer."

This interpretation is circular and disregards much of the language of the statute. Under this view every firefighter would be a peace officer because every firefighter at one time or another performs some duty relating to fire suppression or prevention laws. If the Legislature had meant that all firefighters were to be peace officers it would have said so.

Although there is evidence in the record that Gauthier at some times enforced fire prevention laws (e.g., citing a local judge for weed abatement violations), there is no evidence that this was his "primary duty" while employed by the City of Red Bluff. His "primary duty" was being the fire chief, managing the fire department. During the course of that duty he no doubt put out fires, investigated them and at times enforced laws. That does not mean his "primary duty" while acting in the capacity of fire chief was the enforcement of laws or that he was a "peace officer" when he did enforce laws.[3]

The parties proffered different descriptions of the powers of the fire chief. Red Bluff introduced sections of the Red Bluff City Code and a resolution of the city council setting forth the powers, duties and job description of the fire chief, none of which includes acting as a peace officer. (Red Bluff City Code, §§ 8.3, 8.4; Red Bluff Res. No. 45-1988.) Gauthier pointed out that Red Bluff had adopted the Uniform Fire Code. He points to former section 2.105 of that code, which states, "The chief and members of the fire prevention bureau shall have the powers of a police officer in performing their duties under this code." (See now 1 Uniform Fire Code (1994) Administration, § 103.2.1.2, p. 1-3.) Assuming this provision gives Gauthier the *powers* of a police officer when enforcing fire codes (see *County of Colusa* v. *Charter* (1989) 208 Cal.App.3d 256, 262 [256 Cal.Rptr. 45]), that does not

---

[3]We disagree with Gauthier's argument that because he completed peace officer training pursuant to Penal Code section 832 and engaged in certain types of law-enforcement actions he must be a peace officer. "The Legislature has expressly indicated that the purpose behind the [Act] is 'the maintenance of stable employer-employee relations.' (§ 3301.) The [A]ct concerns the employment of peace officers, not whether such officers are authorized to act with peace officer authority. Indeed, the requirements of Penal Code sections 832, 832.3, and 832.4 are not a condition of employment but simply a condition of the exercise of peace officer authority." (*Applicability of the Public Safety Officers Procedural Bill of Rights Act*, 63 Ops.Cal.Atty.Gen. 829, 833 (1980).)

mean he is a "peace officer" within the meaning of the Penal Code, only that he has certain powers that police officers possess (e.g., to direct personnel, enter buildings, barricade streets during emergencies, and so forth). The more specific provisions of the Red Bluff City Code and the city council resolution govern here and those provisions do not make the fire chief a peace officer.

We are aware that the Court of Appeal, First District, recently reached a similar conclusion in *Service Employees Internat. Union* v. *City of Redwood City* (1995) 32 Cal.App.4th 53 [38 Cal.Rptr.2d 86]. In that case the court construed the same subdivision but focused on the meaning of "capacity" as used in the statute, deciding that the purpose of the statute "is to have peace officer status available only to those fire department members who act in the capacity of peace officers." (*Id.* at pp. 62-63.) Although we are not entirely in accord with that reasoning we are satisfied that a person who does *not* have the primary duty of law enforcement cannot be a "peace officer" under this statute.

Because we conclude Gauthier was not a peace officer under Penal Code section 830.37, he was not entitled to the protections of the Act, a precondition for his claim of entitlement to a writ of mandate. Therefore we have no need to consider Red Bluff's argument that it gave him the equivalent of an administrative appeal.

DISPOSITION

The judgment is affirmed.

Sparks, Acting P. J., and Raye, J., concurred.