TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-503 |
| of | : | |
| | : | October 24, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE COMMISSION ON PEACE OFFICER STANDARDS AND TRAINING, has requested an opinion on the following question:

If a police officer or deputy sheriff fails to complete the training prescribed by the Commission on Peace Officer Standards and Training or obtain the basic certificate issued by the commission, what powers may such officer exercise?

CONCLUSION

If a police officer or deputy sheriff fails to complete the training prescribed by the Commission on Peace Officer Standards and Training or obtain the basic certificate issued by the commission, such officer may exercise only non-peace officer powers; the officer may not exercise the powers of arrest, serving warrants, carrying concealed weapons without a permit, or similar peace officer powers.

ANALYSIS

We are here concerned with police officers and deputy sheriffs who are required to complete a comprehensive course of training prescribed by the Commission on Peace Officer Standards and Training ("Commission"). Two statutes are the focus of this opinion. Penal Code section 832.3, subdivision (a) **Footnote No. 1** provides:

". . . any sheriff, undersheriff, or deputy sheriff of a county, any police officer of a city, and any police officer of a district authorized by statute to maintain a police department, who is first employed after January 1, 1975, shall successfully complete a course of training prescribed by the Commission on Peace Officer Standards and Training *before exercising the powers of a peace officer*, except while participating as a trainee in a supervised field training program approved by the Commission on Peace Officer Standards and Training. The training

course for an undersheriff and deputy sheriff of a county and a police officer of a city shall be the same." (Italics added.)

Subdivision (a) of section 832.4 states:

> "Any undersheriff or deputy sheriff of a county, any police officer of a city, and any police officer of a district authorized by statute to maintain a police department, who is first employed after January 1, 1974, and is responsible for the prevention and detection of crime and the general enforcement of the criminal laws of this state, shall obtain the basic certificate issued by the Commission on Peace Officer Standards and Training within 18 months of his or her employment *in order to continue to exercise the powers of a peace officer* after the expiration of the 18-month period." (Italics added.)

Accordingly, a police officer or deputy sheriff must first take a course of training "before exercising the powers of a peace officer" (§ 832.3, subd. (a)) and thereafter obtain a basic certificate from the Commission within 18 months "in order to continue to exercise the powers of a peace officer" (§ 832.4, subd. (a)). **Footnote No. 2**

> The Commission sets standards and issues various certificates, depending upon the duties and responsibilities of the individual peace officers. (See §§ 13510-13519.9.) The standards serve "the purpose of raising the level of competence of local law enforcement officers . . . ." (§ 13510, subd. (a).) Certificates are issued "for the purpose of fostering professionalism, education, and experience necessary to adequately accomplish the general police service duties performed by peace officer members of city police departments, county sheriffs' departments . . . ." (§ 13510.1, subd. (b).) The training includes, among other aspects, a comprehensive firearms course. (Cal. Code Regs., tit. 11, § 1081.)

> In examining these statutory requirements and the law enforcement powers of a peace officer, we are guided by well-settled principles of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268.) "A statute must be construed `in the context of the entire statutory system of which it is a part, in order to achieve harmony among the parts.' [Citation.]" (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1009.)

> In applying these principles of statutory construction, we note that the principal power of a peace officer involves the more liberal standards applicable to the power of arrest. Section 836, subdivision (a) states:

> "A peace officer may arrest a person in obedience to a warrant, or, pursuant to the authority granted to him or her by Chapter 4.5 [§§ 830-832.9] without a warrant, may arrest a person whenever any of the following circumstances occur:

> (1) The officer has reasonable cause to believe that the person to be arrested has committed a public offense in the officer's presence.

> (2) The person arrested has committed a felony, although not in the officer's presence.

> (3) The officer has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed."

A peace officer may also carry out searches and seizures incident to an arrest, provided that the arrest is both

A peace officer may also carry out searches and seizures incident to an arrest, provided that the arrest is both custodial and lawful. (*U.S.* v. *Mota* (9th Cir. 1993) 982 F.2d 1384.) Any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use reasonable force to effect the arrest, to prevent escape, or to overcome resistance. (§ 835, subd. (a).)

The fact that a private person may also make an arrest under certain conditions (§ 837; *People* v. *Martin* (1964) 225 Cal.2d 91, 94) does not affect our analysis of "the powers of a peace officer" for purposes of sections 832.3 and 832.4. A police officer or deputy sheriff may exercise his or her powers as a private person--as authorized by statute--even when the more extensive powers of arrest by a peace officer are precluded under the terms of sections 832.3 or 832.4.

Peace officers have various other powers, such as the authority **Footnote No. 3** to serve search warrants (§§ 1528-1530), close areas in a disaster or other emergency (§ 409.5; 67 Ops.Cal.Atty.Gen. 535 (1984)) and operate emergency vehicles (Veh. Code, § 21055).

Peace officers are exempt from numerous statutory prohibitions such as those against carrying a concealed weapon (§§ 12025, 12027) and carrying a loaded firearm in a vehicle or public place (§ 12031). (See 80 Ops.Cal.Atty.Gen. 100 (1997).) Do these statutory exemptions qualify as "powers of a peace officer" for purposes of sections 832.3 and 832.4? In a letter opinion (Cal. Atty. Gen., Indexed Letter, No. IL 75-123 (Aug. 18, 1975)), we concluded that peace officers who have not successfully completed the training mandated by section 832.3 may not carry a loaded firearm. We stated in part:

". . . [I]n enacting the Penal Code section 832 series, the Legislature was particularly concerned with seeing that peace officers receive training in the exercise of their powers to arrest and in the carrying and use of firearms. It is apparent, therefore, that the Legislature intended the exemption . . . granted peace officers under Penal Code section 12031(b)(1) to be one of the `powers of a peace officer' as that phrase is used in Penal Code section 832.3. Those peace officers specified in Penal Code section 832.3 who are hired after January 1, 1975, and who have not successfully completed the training mandated by section 832.3, therefore, are not exempt from [the prohibition] . . . by the exception codified in Penal Code section 12031(b) . . . ." (*Id*., at pp. 2-3.)

Carrying a concealed weapon and a loaded firearm in a vehicle or public place are part of "the powers of a peace officer" as that phrase is used in sections 832.3 and 832.4. **Footnote No. 4**

The requirements of sections 832.3 and 832.4 are not conditions of employment, but rather are limitations placed upon the exercise of peace officer powers. (*Gauthier* v. *City of Red Bluff* (1995) 34 Cal.App.4th 1441, 1448, fn. 3.) Thus the officers who fail to meet the requirements may retain their "status" as peace officers, although their powers would change. (See *Service Employees International Union Local 715 (AFL-CIO)* v. *City of Redwood City* (1995) 32 Cal.App.4th 53, 59-60; 78 Ops.Cal.Atty.Gen. 209, 212-213 (1995); 72 Ops.Cal.Atty.Gen. 167, 172 (1989); 65 Ops.Cal.Atty.Gen. 618, 626 (1982); 63 Ops.Cal.Atty.Gen. 829, 833-834 (1980).) Even though a police officer or deputy sheriff has not received training (§ 832.3) or obtained the basic certificate (§ 832.4), he or she would nevertheless be considered "designated" as a peace officer in section 830.1, subdivision (a) ["Any . . . deputy sheriff, . . any police officer . . . is a peace officer"] for purposes of section 830 ["no person other than those designated in this chapter is a peace officer"].

We conclude that if a police officer or deputy sheriff fails to complete the training prescribed by the Commission or fails to obtain the basic certificate issued by the Commission, such officer may exercise only non-peace officer powers; the officer may not exercise the powers of arrest, serving warrants, carrying concealed weapons without a permit, or similar peace officer powers.

\* \* \* \* \*

**Footnote No. 1**

All references hereafter to the Penal Code are by section number only. **Return to text**

**Footnote No. 2**

While certain exceptions are contained in the statutory scheme (see § 832.3, subd. (e)), none pertain to the present inquiry. Other peace officers may be required to take only the introductory course of training and possibly some specialized training. (See § 832, subd. (b)(1).) **Return to text**

**Footnote No. 3**

In this context, we may use the terms "powers" and "authority" interchangeably. (See 72 Ops.Cal.Atty.Gen. 154, 156 (1989.) **Return to text**

**Footnote No. 4**

As with our discussion of the powers of arrest, a private person may carry a concealed weapon and a loaded firearm in a vehicle or public place under certain conditions (e.g., by obtaining a license). (See §§ 12027, subd. (j); 12031, subd. (b)(6); 12050-12054.) Sections 832.3 and 832.4 only preclude the exercise of "the powers of a peace officer," not the more limited powers of a private person.