TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 99-320 |
| of | : | July 30, 1999 |
| BILL LOCKYER Attorney General | : | |
| CLAYTON P. ROCHE Deputy Attorney General | : | |

THE HONORABLE ROBERT M. BURNS, DISTRICT ATTORNEY, LASSEN COUNTY, has requested an opinion on the following question:

May a person who has been convicted of a felony serve as the fire chief of a community services district?

CONCLUSION

A person who has been convicted of a felony may serve as the fire chief of a community services district unless the powers and duties of a peace officer have been conferred upon him.

ANALYSIS

Under the Community Services District Law (Gov. Code, §§ 61000-61850; "Act"),[1] a community services district ("district") may be formed for various purposes, including "[p]rotection against fire" (§ 61600, subd. (d)). We are asked whether a person who has been convicted of a felony may serve as the fire chief of a district. We conclude that he may do so as long as the powers and duties of a peace officer have not been conferred upon him.

The statute governing our analysis is section 1029, which provides:

"(a) . . . each of the following persons is disqualified from holding office as a peace officer or being employed as a peace officer of the state, county, city, city and county or other political subdivision, whether with or without compensation, and is disqualified from any office or employment by the state, county, city, city and county or other political subdivision, whether with or without compensation, which confers upon the holder or employee the powers and duties of a peace officer:

"(1) Any person who has been convicted of a felony in this state or any other state.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."[2]

Accordingly, a person who has been convicted of a felony may not hold the office of "peace officer" or serve in a position in which "the powers and duties of a peace officer" have been conferred upon him or her.

Although the Act contemplates that a district may operate a fire department (§ 61600, subd. (d)), it does not specifically mention the position of a fire chief or describe any duties of the person holding such a position. Section 61244 generally states:

"The [governing] board may at any time appoint or employ, fix the compensation of, and prescribe the authorities and duties of . . . officers, employees, attorneys, and engineers necessary or convenient for the business of the district."

---

[1] All references hereafter to the Government Code prior to footnote 3 are by section number only.

[2] Pursuant to Penal Code sections 4852.01-4852.21, an individual convicted of a felony may, after the expiration of a specified period of rehabilitation, apply for and receive a full pardon from the Governor which will restore "all civil and political rights." (§ 4852.17.) Whether such a pardon would grant relief from the prohibition of section 1029 is beyond the scope of this opinion. (See *People* v. *Mendez* (1991) 234 Cal.App.3d 1773, 1784; compare 63 Ops.Cal.Atty.Gen. 591, 596 (1980).)

Section 61623.4 additionally provides:

> "A district may exercise any of the powers, functions, and duties which are vested in, or imposed upon, a fire protection district pursuant to the Fire Protection District Law of 1987, Part 3 (commencing with Section 13800) of Division 12 of the Health and Safety Code if the petition for formation of the district included fire protection among the designated purposes for which it was formed, or if the district adopts fire protection as an additional purpose of the district pursuant to Section 61601.
>
> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Finally, section 61623.5 provides in part:

> "In any district authorized to provide fire protection services, the district board may clear or order the clearing of land or remove or order the removal of dry grass, stubble, brush, rubbish, litter, or other flammable material, if, in its judgment, the flammable material endangers the public safety by creating a fire hazard.
>
> "The provisions of Part 5 (commencing with Section 14875), Division 12, of the Health and Safety Code are made applicable to the community service districts which perform fire control or protection service and are organized and existing pursuant to this chapter, including, but not limited to, the provisions with respect to the assessment of property owners for the expense of abatement, and the procedure set forth therein shall apply to dry grass, stubble, brush, rubbish, litter or other flammable material which endangers the public safety by creating a fire hazard."

It is apparent from these statutory provisions that nothing in the Act expressly makes the fire chief of a district a "peace officer" or confers upon him "the powers and duties of a peace officer" for purposes of section 1029. Under section 61244, the governing board of a district prescribes the powers and duties of the fire chief, but it is not required to prescribe peace officer powers and duties.

As quoted above, however, the Act refers to two other statutory schemes as sources of power that may be exercised by a district's fire department. Under section 61623.4, a district has discretionary authority to exercise the powers granted under Health and Safety Code sections 13800-13970.[3] Looking at the latter statutory provisions, we find that section 13862 states:

> "A district shall have the power to provide the following services:

---

[3] All references hereafter to the Health and Safety Code prior to footnote 4 are by section number only.

"(a)  Fire Protection services.

"(b)  Rescue services.

"(c)  Emergency medical services.

"(d)  Hazardous material emergency response services.

"(e)  Ambulance services, pursuant to Division 2.5 (commencing with Section 1797).

"(f)  Any other services relating to the protection of lives and property."

Subdivision (a) of section 13870 provides:

"Notwithstanding any other provision of law, a district board or its authorized representative may issue a written order to correct or eliminate a fire hazard or life hazard."

Section 13871 states:

"(a) Any citation issued by a district for violation of a fire prevention code or a district ordinance may be processed pursuant to subdivision (d) of Section 17, of the Penal Code.

"(b) Every person who fails or refuses to correct or eliminate a fire or life hazard after written order of a district board or its authorized representative is guilty of a misdemeanor.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Section 13872 provides:

"A district may, by ordinance, authorize its fire chief, or his or her duly authorized representative, to issue citations for the misdemeanors specified in Section 13871. . . ."

Section 13872.5 states:

"The fire chief of a city, city and county, or county fire department, or his or her authorized representative, has the same authority as specified in Sections 13870 to 13872, inclusive, to issue a written order to correct or eliminate a fire hazard or life hazard, hold hearings and modify, vacate, or affirm those orders, and issue citations if so authorized by

ordinance of the city, city and county, or county. This section does not limit or affect any authority of a fire chief or authorized representative of a fire chief under any local ordinance."

Finally, section 13873 provides:

> "Employees of a district shall have the powers of peace officers while engaged in the prevention and suppression of fires and the protection and preservation of life and property, including, but not limited to, actions associated with rescue services, emergency medical services, hazardous material emergency response services, and ambulance services."

As with our conclusion with respect to the Act, the provisions of sections 13900-13970 do not expressly make the fire chief a "peace officer" or require that he exercise "the powers and duties of a peace officer." While such powers may be prescribed for the fire chief under this statutory scheme, they need not be.

The second statutory scheme referred to in the Act as a source of power is sections 14875-14922 concerning the abatement of hazardous weeds and rubbish. Government Code section 61623.5 makes this statutory scheme applicable if a district chooses to undertake such fire protection services. Consistent with our interpretation of the Act and sections 13800-13970, we find that nothing in sections 14875-14922 requires the district's fire chief to be a "peace officer" or requires him to exercise "the powers and duties of a peace officer."

One final statutory scheme must be examined in analyzing the question presented. Penal Code sections 830-832.9[4] identifies which persons are "peace officers" for purposes of California law. Section 830 states:

> "Any person who comes within the provisions of this chapter and who otherwise meets all standards imposed by law on a peace officer is a peace officer, and notwithstanding any other provision of law, no person other than those designated in this chapter is a peace officer. The restriction of peace officer functions of any public officer or employee shall not affect his or her status for purposes of retirement."

This statutory scheme also sets forth numerous situations where an individual, although not a peace officer, may have the powers of a peace officer when performing certain functions. (See, e.g., §§ 830.7, 830.8, 830.9, 830.11; 65 Ops.Cal.Atty.Gen. 618, 626 (1982); 65 Ops.Cal.Atty.Gen. 527, 528 (1982).) With respect to the members of a fire department, section 830.37 states:

---

[4] All references hereafter to the Penal Code are by section number only.

"The following persons are peace officers whose authority extends to any place in the state for the purpose of performing their primary duty or when making an arrest pursuant to Section 836 as to any public offense with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of that offense, or pursuant to Section 8597 or 8598 of the Government Code. These peace officers may carry firearms only if authorized and under terms and conditions specified by their employing agency:

"(a) Members of an arson-investigating unit, regularly paid and employed in that capacity, of a fire department or fire protection agency of a county, city, city and county, district, or the state, if the primary duty of these peace officers is the detection and apprehension of persons who have violated any fire law or committed insurance fraud.

"(b) Members other than members of an arson-investigating unit, regularly paid and employed in that capacity, of a fire department or fire protection agency of a county, city, city and county, district, or the state, if the primary duty of these peace officers, when acting in that capacity, is the enforcement of laws relating to fire prevention or fire suppression.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

In *Gauthier* v. *City of Red Bluff* (1995) 34 Cal.App.4th 1441, the court discussed the application of subdivision (b) of section 830.37 to a city fire chief. The court rejected the chief's contention that he was a "peace officer" under the statute, explaining in part:

"There are many problems with this statute. First and foremost is that it purports to define a peace officer but uses the term peace officer in the definition. Second, apart from the clauses which declare that it applies to members of a fire department other than an arson unit, the various clauses can be construed to relate to different antecedents.

"But whatever the difficulties in the statute, one limitation clearly emerges: members are covered by the statute (and, hence, are peace officers) if and only if 'the primary duty of these peace officers, . . . is the enforcement of laws relating to fire prevention or fire suppression.' Although poorly worded, the statute covers those firefighters who act as *peace officers* by enforcing fire laws as their primary duty. This interpretation gives effect to each part of the statute. [Citation.]

"Gauthier reads this statute to mean it covers firefighters 'when the "primary duty of these peace officers, *when acting in that capacity*, is the enforcement of laws relating to fire prevention or fire suppression." ' (Italics in original.) Because a fire chief sometimes enforces laws relating to fire prevention or fire suppression, *when acting in that capacity*

*the fire chief is a peace officer because at that moment his primary duty is the enforcement of laws.* For example, 'A fire chief does have the power to arrest and, "when acting in that capacity," is a peace officer.'

"This interpretation is circular and disregards much of the language of the statute. Under this view every firefighter would be a peace officer because every firefighter at one time or another performs some duty relating to fire suppression or prevention laws. If the Legislature had meant that all firefighters were to be peace officers it would have said so.

"Although there is evidence in the record that Gauthier at some times enforced fire prevention laws (e.g., citing a local judge for weed abatement violations), there is no evidence that this was his 'primary duty' while employed by the City of Red Bluff. His 'primary duty' was being the fire chief, managing the fire department. During the course of that duty he had no doubt put out fires, investigated them and at times enforced laws. That does not mean his 'primary duty' while acting in the capacity of fire chief was the enforcement of laws or that he was a 'peace officer' when he did enforce laws.

"The parties proffered different descriptions of the powers of the fire chief. Red Bluff introduced sections of the Red Bluff City Code and a resolution of the city council setting forth the powers, duties and job description of the fire chief, none of which includes acting as a peace officer. [Citation.] Gauthier pointed out that Red Bluff had adopted the Uniform Fire Code. He points to former section 2.105 of that code, which states, 'The chief and members of the fire prevention bureau shall have the powers of a police officer in performing their duties under this code.' [Citation.] Assuming this provision gives Gauthier the *powers* of a police officer when enforcing fire codes [citation], that does not mean he is a 'peace officer' within the meaning of the Penal Code, only that he has certain powers that police officers possess (e.g., to direct personnel, enter buildings, barricade streets during emergencies, and so forth). The more specific provisions of the Red Bluff City Code and the city council resolution govern here and those provisions do not make the fire chief a peace officer.

"We are aware that the Court of Appeal, First District, recently reached a similar conclusion in *Service Employees Internat. Union* v. *City of Redwood City* (1995) 32 Cal.App.4th 53. In that case the court construed the same subdivision but focused on the meaning of 'capacity' as used in the statute, deciding that the purpose of the statute 'is to have peace officer status available only to those fire department members who act in the capacity of peace officers.' (*Id.,* at pp. 62-63.) Although we are not entirely in accord with that reasoning we are satisfied that a person who does *not* have the primary duty of law enforcement cannot be a 'peace officer' under this statute." (*Id.*, at pp. 1445-1447; fn. omitted.)

The court's analysis of the applicable Penal Code provisions supports our interpretation of the Act and the related provisions of the Health and Safety Code. The fire chief of a district is not a "peace officer" but may be given "the powers and duties of a peace officer." If he has been granted such powers, he cannot have "been convicted of a felony in this state or any other state." (Gov. Code, § 1029, subd. (a).)

We conclude that a person who has been convicted of a felony may serve as the fire chief of a district unless the powers and duties of a peace officer have been conferred upon him.

* * * * *